**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** ) ) ) ) ) | Master Docket: Misc. No. 21-1230 |
| This Document Relates to: ) ) ) | MDL No. 3014 |
| *40 Cases listed in the accompanying order* ) ) | |

**MEMORANDUM OPINION**

I.    Introduction

Pending before the court is a motion (ECF No. 4243), with brief in support (ECF No. 4244), filed by Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips").  Philips seeks dismissal with prejudice of 43 cases (listed in an exhibit to the proposed order, ECF No. 4243-1) for failure to comply with the deadlines in the Docket Management Order ("DMO") (ECF No. 2769) and the court's April 3, 2026, show cause order (ECF No. 4200).[1]  These cases involve individuals who registered for the personal injury settlement program, but were found ineligible by the settlement administrator and therefore became Litigating Plaintiffs subject to the DMO.  The chart attached to Philips' brief (ECF No. 4244-2) identifies the compliance shortcomings of each Litigating Plaintiff.  Philips' motion to

---

[1] The show cause order was entered in 48 cases.  Five cases (Civil Nos. 21-1597 (Dyson), 23-1543 (Helton), 23-1672 (Phillips), 22-384 (Smalley), and 24-345 (Vincent)), were resolved and were not included by Philips in the instant motion to dismiss.

dismiss was filed on the docket at each affected case.  On May 18, 2026, the court entered an order at each affected case instructing plaintiffs to respond to Philips' motion by June 8, 2026.

Several Litigating Plaintiffs filed responses acknowledging that they failed to comply with the DMO and agreeing that their cases should be dismissed with prejudice.  The court entered separate orders closing those cases and those cases are no longer at issue. *See* ECF Nos. 4247, 4250, 4256 (closing Civil Nos. 23-528 (Starr), 22-1768 (Towe) and 23-120 (Cantrell)).

As of the date of this opinion and order, only one Litigating Plaintiff filed a response in opposition to the motion to dismiss.  Emmanuel Tweve ("Tweve") argues that he complied with the settlement allocation methodology and that the settlement administrator's decision to reject his claim was in error (Civ. No. 21-1899, ECF No. 48).  Tweve does not argue that he complied with the applicable DMO deadlines or provide good cause for his failure to do so.  Philips' motion to dismiss the remaining 40 cases at issue is ripe for decision.

II.    Procedural History

The United States District Court for the Western District of Pennsylvania is managing coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407.   The MDL arose from Philips' 2021 recall of certain CPAP devices.  The court approved class action settlements of economic loss and medical monitoring claims.  On May 9, 2024, Philips and many of the plaintiffs entered into private settlement agreements to resolve personal injury claims (ECF No. 2768).  The deadlines for participating in the personal injury settlements expired.  The existence of a qualifying injury (or lack thereof) for the settlement does not affect the duties of a Litigating Plaintiff under the DMO.

On May 9, 2024, the Court entered the DMO (ECF 2769), which set deadlines for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims).  On November 21, 2025, Philips filed a Notice at each individual case at issue in the pending motion, to reiterate that the DMO deadlines applied to all Litigating Plaintiffs.  As set forth in DMO ¶¶ 20 and 21, if a Litigating Plaintiff fails to comply with the DMO, that case is subject to dismissal with prejudice.  Philips reports that the plaintiffs at issue in the pending motion failed to fully comply with the DMO.

On March 31, 2026, Philips filed a motion (ECF No. 4197) for the court to enter a "show cause" order for each affected Litigating Plaintiff to explain why their case should not be dismissed with prejudice for failure to comply with the DMO deadlines.  The court granted Philips' motion and entered the show cause order (ECF No. 4200).  The show cause order was also entered at the individual docket of each affected case.  That order provided, in relevant part, that:

> [A]ll 48 Litigating Plaintiffs listed in Exhibit A to this Order shall, no later than the April 23, 2026, either (1) cure the deficiencies noted in Exhibit A to this Order and provide proof of having done so to the Court (through a filing on the docket), or (2) demonstrate good cause for their failure to cure. Pursuant to paragraph 21 of the Docket Management Order, ECF No. 2769, failure to do so shall result in dismissal of Plaintiff's claims with prejudice.

*Id.*  Philips reports that the plaintiffs at issue in the pending motion, with one exception,[2] did nothing in response to the show cause order.

---

[2] Plaintiff Rickey Poss ("Poss"), (Civil No. 22-1792), acknowledged the show cause order, explained that he relied on the experts retained by the class, and stated that no additional medical documentation was available and no further action would be taken.  (ECF No. 5).  Poss did not file a response to the motion to dismiss.

3

On May 15, 2026, Philips filed the pending motion to dismiss.  As explained above, with the exception of Tweve,[3] the plaintiffs at issue in this opinion and order did not respond to the motion to dismiss, which was entered in each of their cases.

III.    Discussion

The pending motion involves individuals who participated in the personal injury settlement program, but were deemed ineligible by the settlement administrator.  Those individuals therefore became Litigating Plaintiffs subject to the DMO deadlines.  Philips seeks dismissal of these cases with prejudice because they failed to comply with the DMO deadlines in numerous respects without good cause. Philips reports that these plaintiffs did not provide the required information and did not articulate any explanation or good cause for their failures to comply with those orders.

The deadlines in the DMO were designed to create an efficient process for all litigants. There was no surprise because the DMO was issued more than 2 years ago, on May 9, 2024 (ECF No. 2769).  A reminder to each Litigating Plaintiff was docketed in their individual cases on November 21, 2025.  The Litigating Plaintiffs, therefore, were on notice of their duties, among other things, to complete a plaintiff fact sheet, provide authorizations for medical records and obtain an expert report.  Much of the information required by the DMO concerns only the Litigating Plaintiffs' own claims and is not dependent on access to forms or discovery directed to other parties.

The Litigating Plaintiffs at issue in this opinion and order did not explain why they were unable to comply with the DMO deadlines or the "show cause" deadlines, did not ask the court

---

[3] Tweve did not respond to the show cause order.

for an extension of time to gather the required information and did not articulate any steps they took to attempt diligently to comply with the deadlines.

Tweve's response points to an alleged error by the settlement administrator, but does not address his failures as a Litigating Plaintiff to comply with the DMO and show cause orders. Therefore, Tweve's case is likewise subject to dismissal with prejudice because he did not comply with the DMO deadlines and did not articulate good cause for his failure to do so.

The court issued the "show cause" order contemplated by ¶ 21 of the DMO on April 3, 2026. The Litigating Plaintiffs now at issue failed to cure the deficiencies or to demonstrate good cause for those failures, despite the passage of several more months. As set forth in DMO ¶ 20 and 21 and the show cause orders, their complaints are subject to dismissal with prejudice. They each had several opportunities to address the failures and received notification from the court that the failure to show cause would result in the dismissal of their cases with prejudice.[4]

---

[4] To the extent evaluation of the "*Poulis* factors," *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is necessary in light of the clear language of this court's orders, the court concurs with Philips' analysis of the *Poulis* factors (ECF No. 3500 at 5-6) and finds the *Poulis* factors weigh heavily in favor of dismissal of each of these cases with prejudice.

IV.    Conclusion

For the reasons set forth above, Philips' motion to dismiss 43 cases in which Litigating Plaintiffs failed to comply with the DMO or show cause order will be granted in part, with respect to the 40 cases listed in the accompanying order.  As noted above, 3 of the 43 cases were dismissed by separate order. The 40 cases will be dismissed with prejudice for failure to comply with the DMO deadlines and failure to show good cause for the failure to cure the deficiencies.

An appropriate order will be entered.

Dated: June 26, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge